UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NIKOMI MARIE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 2:21-CV-0173-TOR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 21, 22).  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and is fully informed.  For the reasons discussed below, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On November 13, 2018, Plaintiff protectively filed an application for Title II disability insurance benefits, alleging an amended onset date of February 14, 2018. Tr. 18. The application was denied initially, Tr. 106-08, and on reconsideration, Tr. 112-16. On October 9, 2020, Plaintiff appeared at a hearing before an administrative law judge ("ALJ"). Tr. 40-77. On July 24, 2015, the ALJ denied Plaintiff's claim. Tr. 16-39. On January 27, 2017, the Appeals Council denied review. Tr. 1-7.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Tr. 20. At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity from February 14, 2018, the alleged onset date, through December 31, 2018, the date last insured. Tr. 21. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with neck pain, low back pain, and hip pain, systemic lupus erythematosus, Sjogren's disease, Sicca syndrome, and biliary cirrhosis. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

Tr. 22.  The ALJ then found Plaintiff had the RFC to perform sedentary work with the following limitations:

> [W]ith normal breaks, the claimant can lift up to 10 pounds occasionally; stand or walk for about two hours per eight-hour workday; sit for about six hours per eight-hour workday; and would need a sit/stand option, defined as changing from a sitting position to a standing position or vice versa every 30 minutes, if needed, for up to five minutes while remaining at the workstation.  The claimant can never climb ladders, ropes, or scaffolds; can only occasionally climb ramps and stairs; and can only occasionally stoop, crouch, kneel, and crawl.  In addition, the claimant is limited to reaching bilaterally overhead, behind the back, and to full extension on a frequent basis, as well as handling and fingering bilaterally on a frequent basis.  Finally, the claimant should avoid all exposure to extreme cold, extreme heat, and extreme wetness and humidity, as well as all use of moving or dangerous machinery and exposure to unprotected heights.

Tr. 23.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a night auditor.  Tr. 26.  Alternatively, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform through the date last insured.  Tr. 27.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from February 14, 2018, the alleged onset date, through December 31, 2018, the date last insured.  *Id.*

On March 19, 2021, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

**ISSUE**

Plaintiff raises the following issue for the Court's review:

> Whether the ALJ properly weighed the ARNP Gina Hjorth's medical opinion evidence.

ECF No. 21 at 2.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of ARNP Gina Hjorth's medical opinion. ECF No. 21 at 7-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. § 404.1520c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff filed her Title II claim after March 27, 2017. *See* Tr. 26.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68 (codified at 20 C.F.R. pt. 404). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

404.1520c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)-(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. § 404.1520c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

404.1520c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. § 404.1520c(b)(3).

These regulations displace the Ninth Circuit's standard requiring an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.*

Here, the ALJ found Ms. Hjorth's opinions to be of little relevance and unpersuasive. Tr. 26. First, the ALJ noted Ms. Hjorth's opinions (Tr. 641-644, 686-689, 698-700) are dated subsequent to Plaintiff's date of last insured and do not purport to address the time period under consideration. *Id.* Second, the ALJ found the opinions did not address whether Plaintiff's functional capacity changed since the prior ALJ decision, which was the focus of the opinion due to the prior ALJ opinion denying Plaintiff benefits. *Id.*

Plaintiffs asserts the ALJ failed to evaluate Ms. Hjorth's opinions under the new regulations. ECF No. 21 at 10-17. The decision considered the supportability and consistency of Ms. Hjorth's opinions. As to supportability, the ALJ noted that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

the 2019 opinions were prefaced on medical evidence collected after the period of disability ending in 2018, which therefore lacked any explanation of relevance to the period of disability. Tr. 26; 20 C.F.R. § 404.1520c(c)(1). As to consistency, the ALJ compared Ms. Hjorth's 2018 treatment notes for hand pain with Plaintiff's activities of daily living (i.e., Plaintiff found it "difficult not to work on things" for her new house). Tr. 25; 20 C.F.R. § 404.1520c(c)(2). The Court finds the ALJ adequately evaluated Ms. Hjorth' opinions under the new regulations, and the finding was supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED May 19, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11